IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITE HERE HEALTH, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | CIVIL ACTION |
| ) | | |
| vs. ) | | NO. 21 C 537 |
| ) | | |
| NEW HARRISON HOTEL CORP., an Illinois ) | | JUDGE MATTHEW F. KENNELLY |
| corporation, d/b/a TRAVELODGE CHICAGO, ) | | MAGISTRATE HEATHER K. MCSHAIN |
| ) | | |
| Defendant. ) | | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED
PURPOSE OF ENFORCING THE TERMS OF THE CONSENT DECREE
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, UNITE HERE HEALTH, *et al.*, by their attorney, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Consent Decree, which incorporates the Settlement Agreement and Mutual Release entered into between the parties in February 2021, entered by this Court on April 5, 2021 [Dkt. 10]. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit trust fund, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with New York Hotel & Motel Trades Counsel, AFL-CIO, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of monthly contributions for work performed on its behalf by beneficiaries of the

Plaintiff Fund. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On April 5, 2021, a Consent Decree was entered incorporating the Settlement Agreement and Mutual Release entered into by the parties in February 2021 (a copy of the Consent Decree is attached as Exhibit 1 and the Settlement Agreement and Mutual Release is attached as Exhibit 2).

3. Pursuant to the Consent Decree, the Court retained jurisdiction of this cause and all the parties for the purpose of enforcing the Consent Decree and the terms of the incorporated Settlement Agreement and Mutual Release.

4. Pursuant to the terms of the Settlement Agreement and Mutual Release, the Defendant agreed to pay the settlement amount of $50,708.25 over twelve (12) months at 5.25% interest.

5. In addition, under Paragraph 4 of the Settlement Agreement and Mutual Release, the Defendant was required to remit all ongoing future welfare obligations including but not limited to: 1) monthly contributions determined to be due and owing for each and every month no later than the close of business on the 15th day of each and every month for which contributions are due; 2) rate increase amounts; and 3) future audit findings hereafter for as long as the Defendant is obligated to do so pursuant to the CBA. This was a material term of the Settlement Agreement and the Defendant's failure to abide by the obligation, alone, would constitute default as set forth below.

6. Paragraph 5 of the Settlement Agreement and Mutual Release further provides that if Defendant is late in making any of the payments in Paragraph 3 or is late in the payment of Ongoing Contributions under Paragraph 4, the Defendant would be in default under the Settlement Agreement and Mutual Release. The Plaintiff Health Fund would provide notice of the default to

the Defendant through its General Manager, Ryan Burkart, via electronic mail, to ryan.burkart@scarletthotelgroup.com, and Defendant thereafter would have seven (7) calendar days to cure its default. If the Defendant did not cure the default within seven (7) calendar Days, Plaintiff Health Fund has the right to: (1) file a motion to reopen the Lawsuit; and (2) enforce the Consent Decree and enter judgment for the amount of $50,708.25, less amounts paid, and any previously waived attorneys' fees and costs incurred to enforce the Settlement Agreement and Mutual Release.

7. On October 19, 2021, Plaintiffs' counsel sent Defendant's General Manager an e-mail providing formal notice of the failure of the Defendant to abide by the terms of the Settlement Agreement and Mutual Release by failing to report and pay the September 2021 contributions (a copy of the October 19, 2021 e-mail is attached as Exhibit 3).

8. On November 16, 2021, Plaintiffs' counsel sent Defendant's General Manager an e-mail providing formal notice of the failure of the Defendant to abide by the terms of the Settlement Agreement and Mutual Release by failing to report and pay the October 2021 contributions. In addition, Plaintiffs' counsel advised that the September 2021 contributions remained unpaid (a copy of the October 19, 2021 e-mail is attached as Exhibit 4).

9. On November 30, 2021, Plaintiffs' counsel sent Defendant's General Manager another e-mail advising that the Plaintiff Health Fund still had not received the September and October 2021 contributions, which were due on October 15, 2021 and November 15, 2021, respectively, and advised that the contributions must be received by Friday, December 3, 2021. In addition, November 2021 were due on December 15, 2021 and have not been received (a copy of the October 19, 2021 e-mail is attached as Exhibit 5).

10. On December 8, 2021, Plaintiffs' counsel sent Defendant's General Manager another e-mail advising that pursuant to her November 30, 2021 e-mail, the delinquent September and October 2021 contributions were to be received by December 3, 2021 but that the Health Benefit Fund had not yet received those contributions. Plaintiffs' counsel advised that she also left the General Manager a voice mail message and that if he did not respond by e-mail or telephone call, the Plaintiff Health Fund would reinstate the case and obtain a judgment (a copy of the December 8, 2021 e-mail is attached as Exhibit 6).

11. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Consent Decree and entering judgment against the Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant, New Harrison Hotel Corp., an Illinois corporation, d/b/a Travelodge Chicago, to include the amount of $28,789.83, being the total amount remaining due for contributions, liquidated damages and interest for the unaudited period of February 2020 through November 2020 pursuant to the Settlement Agreement and Mutual Release.

B. That judgment be entered in favor of Plaintiffs and against Defendant, New Harrison Hotel Corp., an Illinois corporation, d/b/a Travelodge Chicago, to include $3,349.50 in attorneys' fees and costs.

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court

/s/ Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com
I:\HEREW\Travelodge Hotel\motion to reopen to enforce the consent decree.lmf.df.wpd

## CERTIFICATE OF SERVICE

      The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Plaintiffs' Motion to Reopen Case for the Limited Purpose of Enforcing the Consent Decree and Entering Judgment Against Defendant) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed and electronically mailed the above-referenced document by U.S. Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 16th day of December 2021:

                Mr. Ryan Burkart, General Manager
                Travelodge Chicago
                65 E. Harrison Street
                Chicago, IL   60605-1614
                ryan.burkart@carletthotelgroup.com

                /s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Travelodge Hotel\motion to reopen to enforce the consent decree.lmf.df.wpd